In this case, the majority concludes Indiana law applies to the contract in question and that under Indiana law Randolph was entitled to UM/UIM coverage by operation of law. I agree with the majority's conclusion that Indiana law is the applicable law in this case. However, I cannot agree with the manner in which the majority has interpreted that law. Pursuant to statute, when an insurance company offers an automobile insurance policy issued or delivered in Indiana with respect to vehicles registered or principally garaged in Indiana, that offer must contain UM/UIM coverage at certain limits. If the insurance company never makes the necessary offer of UM/UIM coverage, then the insured receives that coverage by operation of law. Because Randolph's vehicle was neither registered nor principally garaged in Indiana, ISOP did not need to offer UM/UIM coverage on his vehicle. Thus, I must respectfully dissent from the majority's resolution of ISOP's assignment of error. I would affirm the trial court's decision applying Indiana law, but would reverse its application of that law.
In its sole assignment of error, ISOP argues the trial court erred by declaring Randolph was entitled to UM/UIM coverage by operation of law. Indiana's UM/UIM statute provides: "The UM/UIM coverages must be provided * * * in limits equal to the limits of liability specified in the bodily injury liability provisions of an insured's policy, unless such coverages have been rejected in writing by the insured." Indiana Code 27-7-5-2(a). The policy at issue provides $1,000,000 in liability coverage and only $50,000 in UM/UIM coverage. Randolph collected policy limits of $50,000 from the tortfeasor's insurance carrier. Both parties' argument focuses on whether Combined Transport effectively rejected UM/UIM coverage in an amount equal to its liability coverage. However, the parties have overlooked the factor that actually determines whether Randolph is entitled to coverage by operation of law.
By its express terms, Indiana's UM/UIM statute only applies "in each automobile liability or motor vehicle liability policy of insurance which is delivered or issued for delivery in this state with respect to any motor vehicle registered or principally garaged in this state * * *." Id. The majority concludes that, under this statute, insurance companies must offer UM/UIM coverage on all vehicles covered by the party regardless of where that vehicle is located.
I recognize one decision in the Indiana courts supports the majority's conclusion. In West Bend Mutual v. Keaton (Ind.App. 2001), 755 N.E.2d 652. Keaton was a partner in an Indiana business and purchased an Indiana commercial insurance policy which included auto liability. The policy specifically excluded from coverage the owner's vehicles for their personal use. UM/UIM coverage was neither offered, requested or rejected. Keaton was the sole proprietor of another business, located in Illinois. That business leased for Keaton's personal use a vehicle which was registered and garaged in Illinois, and covered by a separate Illinois insurance policy. Keaton then leased a second vehicle that was used by the manager of the Indiana business which was garaged in Indiana, and covered by a separate Illinois policy. Keaton was involved in an automobile collision involving his personal vehicle which was leased and separately insured by the Illinois business. He then sued the Indiana insurance company for UM/UIM coverage, claiming it never offered that coverage on the vehicle garaged in Illinois in violation of IC 27-7-5-2. The trial court granted summary judgment in his favor. On appeal, the court affirmed the trial court's decision, finding the principles of statutory construction demand liberal construction of the statute in favor of the insured and, therefore, the insurance company had to offer UM/UIM coverage for every vehicle covered by automobile insurance policies issued in Indiana, because the second vehicle although covered by an Illinois policy, was garaged in Indiana.
I disagree with this conclusion because the appellate court in WestBend, as well as this majority, have ignored the main principle of statutory construction. I recognize it is unusual when interpreting the laws of another state to disagree with the manner in which the appellate courts of that state have interpreted its own laws. However, given the rules of statutory construction issued by the Indiana Supreme Court, I conclude the Indiana Court of Appeals was in error until told otherwise by the Indiana Supreme Court.
Under Indiana law,
"[t]he first step in interpreting any Indiana statute is to determine whether the legislature has spoken clearly and unambiguously on the point in question. When a statute is clear and unambiguous, we need not apply any rules of construction other than to require that words and phrases be taken in their plain, ordinary, and usual sense. Clear and unambiguous statutory meaning leaves no room for judicial construction." (Citations omitted) St. Vincent Hosp. And Health Care Center, Inc. v. Steele (Ind. 2002), 766 N.E.2d 699, 703-704.
The language used in this statute is not ambiguous and, therefore, I disagree with the decision to liberally construe this statute in favor of the insureds in the manner contemplated by the majority here and the court in West Bend. IC 27-7-5-2 clearly states it only applies to insurance policies issued "with respect to any motor vehicle registered or principally garaged" in Indiana. Because Randolph's semi-tractor truck was neither registered nor principally garaged in Indiana, Indiana Code27-7-5-2 does not extend UM/UIM coverage by operation of law to this vehicle. Therefore, Combined Transport would not have needed to reject in writing the UM/UIM coverage the statute states must be provided in order for this policy to have conformed with Indiana Code 27-7-5-2 with respect to this vehicle and Randolph is not entitled to UM/UIM coverage by the operation of law.
Accordingly, I would find ISOP's assignment of error meritorious, reverse the trial court's decision, and grant judgment in ISOP's favor.